IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00337-MR

| | |
|---|---|
| **MINH VAN NGUYEN,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **DANA ELBORN JONES, III, and** ) <br> **MILAN SUPPLY CHAIN** ) <br> **SOLUTIONS, INC.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Leave to Designate and Call Additional Expert Witnesses. [Doc. 16].

**I.    BACKGROUND**

This case arises out of two accidents involving the drivers of two tractor trailers on a mountainous portion of Interstate 40. The Defendant Dana Elborn Jones, III ("Jones") was first involved in an accident when he lost control of his vehicle, and it became disabled, thereby blocking a portion of the one of the two westbound lanes of travel. The Plaintiff Minh Van Nguyen alleges that he lost control of his vehicle and wrecked while trying to avoid Defendant Jones' accident scene. The Plaintiff's theory is that Jones was

negligent in causing the accident scene and in failing to properly give oncoming traffic notice of it. The Defendants' position, *inter alia*, is that the Plaintiff was contributorily negligent in failing to use the open part of the highway to circumvent the accident scene.

The Plaintiff filed his Complaint on December 6, 2019, asserting claims of negligence against Jones and Jones's employer/principal, Milan Supply Solutions, Inc. ("Milan Supply") (collectively, "the Defendants"). [Doc. 1]. At that time, the case was assigned to the undersigned as the presiding judge. The Defendants filed their Answer on February 4, 2020, in which they assert, among other defenses, the affirmative defense of contributory negligence. [Doc. 8].

A Pretrial Order and Case Management Plan was entered on February 13, 2020, setting an expert designation deadline of July 15, 2020 for the Plaintiff; an expert designation deadline of August 15, 2020 for the Defendants; a discovery deadline of September 30, 2020; a motions deadline of October 30, 2020; and a trial date during the first term on or after March 1, 2021. [Doc. 11]. Thereafter, the parties filed a Joint Stipulation of Consent to the exercise of jurisdiction by the Magistrate Judge, and the case was thereafter reassigned to Magistrate Judge Keesler as the presiding judge. [Doc. 12].

Due to the disruptions caused by the COVID-19 pandemic, the parties agreed amongst themselves to extend the deadlines to designate experts. The parties did not seek a formal extension of these deadlines from the Court, despite the admonition in the Pretrial Order that the pretrial deadliness set forth therein are "subject to modification only by Order of this Court and may not be modified by agreement among the parties." [Doc. 11 at 11].[1] In accordance with the parties' agreed-upon extension, the Plaintiff submitted his expert designations on August 14, 2020. [Doc. 18-1]. On September 14, 2020, the Defendants served their expert designations. [Doc. 18-2].

On October 30, 2020—the deadline for the filing of dispositive motions in this matter—the Plaintiff filed the present Motion for Leave to Designate and Call Additional Expert Witnesses. [Doc. 15]. In this motion, the Plaintiff seeks leave to designate and call two additional expert witnesses, for a total of seven expert witnesses, and to extend the time for discovery for the limited purpose of allowing the Defendants to depose these two newly designated experts. [Doc. 16]. The Defendants oppose the Plaintiff's motion. [Doc. 18]. On December 3, 2020, while this motion was still pending, the Court vacated the reference of this matter to Magistrate Judge Keesler, and the

---

[1] The parties also agreed informally to extend the discovery deadline, which is expressly permitted by the Pretrial Order. [See Doc. 11 at 3-4].

undersigned was once again designated as the presiding judge for this case. [Doc. 21]. The trial of this matter was reset for the March 8, 2021 trial term. [Id.].

## II. DISCUSSION

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard focuses on the timeliness of the submission, the reasons for its tardiness, and the danger of prejudice to the non-moving party. Hawkins v. Leggett, 955 F. Supp. 2d 474, 498 (D. Md. 2013), aff'd sub nom., In re Canarte, 558 F. App'x 327 (4th Cir. 2014). The primary consideration is the diligence of the moving party. Montgomery v. Anne Arundel Cty., 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam).

The Plaintiff seeks leave to designate two additional witnesses: Michael E. Maddox, Ph.D., an expert witness in the field of human factors, and Rex E. Jung, Ph.D., an expert witness in the field of neuropsychology. Specifically, the Plaintiff seeks to call Dr. Maddox to offer opinions about the Plaintiff's ability to detect Jones' disabled vehicle in time to stop or safely drive around it. The Plaintiff seeks to call Dr. Jung to testify about the extent of the Plaintiff's alleged brain injury.

Significantly, however, the Plaintiff does not explain why he failed to seek leave of court to designate either Dr. Maddox or Dr. Jung earlier than the date of the dispositive motions deadline.  The Plaintiff has been on notice at least since the time he filed his complaint in December 2019 that the Plaintiff's ability to timely detect Jones' disabled vehicle and the extent of the Plaintiff's brain injury would be central issues in the case.  Yet, the Plaintiff offers no explanation for why he waited more than two months after submitting his designation of expert witnesses to seek leave to designate these additional experts.

To allow the Plaintiff to designate additional experts at this late date would be highly prejudicial to the Defendants, as it would deprive the Defendants of the opportunity to designate their own expert witnesses in rebuttal to the newly designated experts.  The Defendants would also be precluded from filing dispositive motions as to these experts, as that deadline has now passed.

In sum, the Plaintiff has failed to demonstrate good cause why he should be allowed to designate two additional experts at this late date. Accordingly, the Plaintiff's Motion for Leave must be denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to Designate and Call Additional Expert Witnesses [Doc. 16] is **DENIED**.

5

Case 1:19-cv-00337-MR   Document 24   Filed 12/10/20   Page 5 of 6

**IT IS SO ORDERED.** Signed: December 9, 2020

Martin Reidinger
Chief United States District Judge